5.11.24 mm. Pj

RECEIVED
STATE OF ALASKA
MAY 28 2024
DEPARTMENT OF CORRECTIONS
JCO ADMINISTRATION

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT PALMER

CLARENCE C. SHIRLEY III

Plaintiff(s),

vs.

STATE OF ALASKA,
DEPARTMENT OF CORRECTIONS

Defendant(s).

CASE NO. 3PA- 24 - 01874 CI

**SUMMONS**
**AND**
**NOTICE TO BOTH PARTIES**
**OF JUDICIAL ASSIGNMENT**

**To Defendant:** SOA Dept of Corrections

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 435 South Denali Street, Palmer, Alaska 99645 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney, or the plaintiff (if unrepresented) Clarence C. Shirley III DOC# 753105 whose address is: GCCC 22301 W. Alsop Rd, Wasilla AK 99623.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf, to inform the court. – OR – If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant
This case has been assigned to:

- ☐ Superior Court Judge Jonathan Woodman
- ☐ Superior Court Judge John C. Cagle
- ☐ Superior Court Judge Kari C. Kristiansen
- ☒ Superior Court Judge Kristen C. Stohler

- ☐ District Court Judge William L. Estelle
- ☐ District Court Judge Shawn Traini
- ☐ District Court Judge Thomas V. Jamgochian

SEAL OF THE TRIAL COURTS OF THE STATE OF ALASKA THIRD JUDICIAL DISTRICT

May 17, 2024
Date

CLERK OF COURT

By: Amanda Wells
Deputy Clerk

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 PALMER (12/20)(cs)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT PALMER

CLARENCE C. SHIRLEY III,

Plaintiff,

vs.

STATE OF ALASKA, DEPARTMENT OF CORRECTIONS,

Defendant.

Case No. 3PA-24-01874 CI

Agency Grievence No. GC22-394 & GC23-823

CERTIFICATE OF SERVICE

On 08 APR 24 the plaintiff filed his Civil Complaint in the above stated court at:

Alaska State Courts
Trial Court
435 South Denali
Anchorage, AK 99645-6437

On 23 MAY 24 after the court issues a Summons the plaintiff served the following through U.S. mail:

Commissioner of Department of Corrections
Jenifer Winkleman
P.O. Box 112000
Juneau, AK 99811-2000

Alaska Attorney General
Treg R. Taylor
P.O. Box 110300
Juneau, AK 99811-0300

Mark Cucci
Chief Assistant Attorney General
Department of law, Civil Division
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501

Respectfully,

Clarence C. Shirley III
Plaintiff

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT PALMER

☐ State of Alaska
☐ In the Matter of
☒ CLARENCE C. SHIRLEY III
vs.

STATE OF ALASKA, DEPARTMENT OF CORRECTIONS
Defendant or Minor.

CASE NO. ______

**FINANCIAL STATEMENT**
☒ For Appointment of Counsel
☐ For Restitution

Full Name CLARENCE CHARLES SHIRLEY III Date of Birth 02 APRIL 1984
Residence Address GOOSE CREEK CORRECTIONAL CENTER, 22301 W. ALSOP RD. WASILLA, AK 99623
Mailing Address SAME AS ABOVE
Email Address ______ Soc. Sec. No.[1] 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
Home Phone ______ Work Phone ______ Cell Phone ______

Are you under the age of 18? ☒ No ☐ Yes. If yes, one of your parents must appear and provide financial information regarding the income of both parents.

Have you filled out a financial statement to apply for a court-appointed attorney within the past 12 months? ☒ Yes ☐ No Was an attorney appointed for you? ☒ Yes ☐ No

Are you receiving public assistance? ☒ No ☐ Yes. If yes, check those you receive:
☐ SSI ☐ Food Stamps ☐ Adult Public Assistance
☐ ATAP ☐ General Relief ☐ Medicaid

Are you working now? ☒ Yes ☐ No If no, date last worked ______
Present employer GOOSE CREEK CORRECTIONAL CENTER
(If not now employed, state last employer and length of job.)
Employer's address 22301 W. ALSOP RD.
Other employers in past year ______
Are you a seasonal worker? ☐ Yes ☒ No If yes, describe: ______
Are you self-employed? ☐ Yes ☒ No If yes, describe: ______

1. **DEFENDANT'S INCOME INFORMATION** (after taxes, but before other deductions)
Do not include income of spouse. If under age 18, list income of defendant and parents.

a. Current Monthly Income

| | |
|---|---|
| Wages | $ 1150.00 |
| Social Security | $ |
| Public Assistance | $ |
| Unemployment | $ |
| Self-Employment Income (attach proof [2]) | $ |
| Other (specify) VA | $ 25,200.00 |
| **Total Monthly Income** | $ |

| | |
|---|---|
| b. Permanent Fund Dividends received in last 12 months | $ |
| c. ANCSA or other corporate dividends received in last 12 months | $ |
| d. Value of gifts received in last 12 months | $ |
| e. **Total Income during last 12 months** | $ 26,350.00 |

[1] Social Security number is not mandatory. It may be used to identify your assets.
[2] Examples include sales tax reports, bank statements, tax returns, cannery settlement statements.

AS 18.85
Crim. R. 39 and 39.1

f. Do you expect to receive other income in the next 6 months (for example, settlements, dividends, gifts, inheritances)? ☐ Yes ☒ No
If yes, please specify ______

2. **HOUSEHOLD MEMBERS** (People who live with you)

| Name | Age | Relationship |
|---|---|---|
| N/A | | |
| | | |
| | | |
| | | |
| | | |

3. **MONTHLY HOUSEHOLD EXPENSES**

| Expense | Amount | Balance Owed | Past Due |
|---|---|---|---|
| Housing (rent or mortgage) | $ | $ | $ |
| Food | $ | $ | $ |
| Utilities: | | | |
| Electricity | $ | $ | $ |
| Gas | $ | $ | $ |
| Water and Sewer | $ | $ | $ |
| Garbage | $ | $ | $ |
| Telephone | $ | $ | $ |
| Transportation (gas/bus) | $ | $ | $ |
| Car or truck payment | $ | $ | $ |
| Insurance | $ | $ | $ |
| Child support and alimony | $ 2475.00 | $ 60,000.00 | $ 60,000.00 |
| List Loans & Credit Card Debts: | | | |
| | $ | $ | $ |
| | $ | $ | $ |
| | $ | $ | $ |
| | $ | $ | $ |
| Medical (not covered by insurance) | $ | $ | $ |
| Childcare: ______ | $ | $ | $ |
| IRS Back Taxes Due | $ | $ | $ |
| **TOTALS** | $ 2475.00 | $ 60,000.00 | $ 60,000.00 |

**ADJUSTMENTS TO EXPENSES:**

a. Are you married? ☐ Yes ☒ No
If yes, list spouse's total income **after taxes** for the past 12 months (include gifts, settlements, inheritances, wages, dividends, etc.): $ ______
*Note: For purposes of deciding appointment of counsel, expenses will be divided between the spouses proportionate to each spouse's income.*

b. Are any household expenses paid by someone other than **you** or **your spouse** (such as by a roommate, parent, grandparent or child)? ☒ No ☐ Yes. If yes, list:

| Name | Relationship | Amount |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

4. **CASH AND ASSETS** (things you own or are buying) Include all things you own by yourself and all things you own jointly with someone else.

| | Value | Amount Still Owed |
|---|---|---|
| Cash | $ 400.00 | |
| Bank Acct./Checking | $ 20.00 | |
| Bank Acct./Savings | $ | |
| Stocks, Bonds, CD's | $ | |
| Mutual Funds | $ | |
| Retirement Plans | $ | |
| Life Insurance (cash value) | $ | |
| Land, Homes, Trailers | $ | $ |
| Motor Vehicles (describe): | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |
| TV, Stereo, VCR | $ | $ |
| Computer Equipment | $ | $ |
| Snow Machines, ATVs, Sport Boats, Airplanes, Motorcycles | $ | $ |
| Jewelry, Precious Metals or Precious Stones | $ | $ |
| Furs | $ | $ |
| Collections (Coins, Ivory, etc.) | $ | $ |
| Tools | $ | $ |
| Guns | $ | $ |
| Sports Equipment (Kayaks, Skis, Scuba Gear, etc.) | $ | $ |
| Fishing Gear, Nets, etc. | $ | $ |
| IFQ's, Quota Shares, etc. | $ | $ |
| Commercial Fishing Permits | $ | $ |
| Commercial Fishing Boats | $ | $ |
| Businesses: | $ | $ |
| | $ | $ |
| Other: | $ | $ |
| | $ | $ |
| **TOTALS** | $ 420.00 | (-) $ = $ 420.00 |

Do you need any of the above items to earn your living? ☐ Yes ☒ No

If yes, list the item and describe why you need it:

AS 18.85
Crim. R. 39 and 39.1

**5. CREDIT CARDS.** List all your credit cards.

| Name of Card (Visa, MC, AMEX) | Credit Limit | Balance Owed | Min. Monthly Payment |
|---|---|---|---|
| N/A | $ | $ | $ |
| | $ | $ | $ |
| | $ | $ | $ |
| | $ | $ | $ |
| | $ | $ | $ |
| | $ | $ | $ |
| | $ | $ | $ |
| | $ | $ | $ |
| | $ | $ | $ |

**6. OTHER EXPENSES**

| Expense | Monthly Amount |
|---|---|
| Cable TV | $ |
| Club Membership Fees | $ |
| Internet Fees | $ |
| Subscriptions (magazines, newspapers, etc.) | $ |
| Entertainment (dining out, sporting events, etc.) | $ |
| Alcohol and Tobacco | $ |
| **TOTAL** | **$** N/A |

**OATH**

**WARNING: Making false statements under oath is a crime.**

I declare, under oath, that the above Financial Statement is true.

08 APR 24
Date

[signature]
Signature of Defendant or Parent

Subscribed and sworn to or affirmed before me in Wasilla, Alaska on 4/8/24.
(date)

(SEAL)

W. LEBEOUF
NOTARY PUBLIC
STATE OF ALASKA

[signature]
Clerk of Court, Notary Public or other person authorized to administer oaths.
My commission expires: with office

CASE DESCRIPTION – SUPERIOR COURT

Case Number:___________________

| Type of Action | | For Court Use Only | |
|---|---|---|---|
| Check the box that best describes the case. Mark **one** box only. For district court cases, use form CIV-125D. | | Case Type | Action Code |
| **Tort** | | | |
| | Wrongful Death | Civil Superior Court | CISPID |
| | Automobile Tort (But Not Wrongful Death) | Civil Superior Court | CISIDA |
| | Claim Against Owner of Real Property for Personal Injury | Civil Superior Court | CISPIO |
| | Product Liability | Civil Superior Court | CISPL |
| | Intentional Tort (e.g., assault, battery, vandalism) | Civil Superior Court | CISIT |
| | Slander/Libel/Defamation | Civil Superior Court | CISSLD |
| ✓ | Other Tort | Civil Superior Court | CISIDO |
| | Approval of Minor Settlement – Civil Petition *May also be filed as probate case.* | Superior Court Misc Petition | CISPET |
| **Malpractice** | | | |
| | Legal Malpractice | Civil Superior Court | CISLMP |
| | Medical Malpractice | Civil Superior Court | CISMMP |
| | Other Malpractice | Civil Superior Court | CISOMP |
| **Foreign Judgment** | | | |
| | Registration of Foreign Judgment – SEE DOMESTIC RELATIONS FOR FOREIGN **SUPPORT/CUSTODY** ORDERS | Foreign Judgment Superior Ct | CISFOJ |
| **Other Civil** | | | |
| | Election Contest or Recount Appeal | Civil Superior Court | CISELE |
| | Change of Name - Adult | Change of Name | CICON |
| | Change of Name - Minor | Change of Name | CICONM |
| | Confession of Judgment | Civil Superior Court | CISCCONF |
| | Structured Settlement – AS 09.60.200 | Superior Court Misc Petition | CISSS |
| | Administrative Agency Proceeding – Request for Court Assistance | Superior Court Misc Petition | CISWRNT |
| | Arbitration - Action Under Uniform Arbitration Act | Civil Superior Court | CISAP |
| | Fraud | Civil Superior Court | CISFRAUD |
| | Unfair Trade Practice and Consumer Protection | Civil Superior Court<br>Clerk: Issue form CIV-128 | CISUTP |
| | Writ of Habeas Corpus | Civil Superior Court | CIWHC |
| | Fish & Game - Abatement & Forfeiture of Equipment | Superior Court Misc Petition | CISAF |
| | Appointment of Trustee Counsel | Superior Court Misc Petition | CISTC |
| | Other Superior Court Complaint | Civil Superior Court | CISOCI |
| | Other Superior Court Petition | Superior Court Misc Petition | CISPET |
| **Post-Conviction Relief to Superior Court** | | | |
| | Post-Conviction Relief | Post-Conviction Relief-Sup Ct | CISPCR |
| **Appeal to Superior Court - From Administrative Agency** | | | |
| | Election Contest or Recount Appeal – SEE OTHER CIVIL | | |
| | DMV Appeal | Appeal from Admin Agency | CIADDMV |
| | Employment Security Appeal | Appeal from Admin Agency | CIADRESA |
| | Administrative Agency Appeal - Other | Appeal from Admin Agency | CIADR |
| | CSSD License Review Action | Petition for Review or Relief | CICSED |
| | Petition for Review from Administrative Agency | Petition for Review or Relief | CIPRA |
| | Petition for Relief from Administrative Agency – AS 44.62.305 | Petition for Review or Relief | CIPRLF |
| **Appeal to Superior Court - From District Court** | | | |
| | Civil or Small Claims Appeal | Appeal from District Court | CIACI |
| | Criminal Appeal | Appeal from District Court | CIACRM |
| | Minor Offense Appeal | Appeal from District Court | CIAMO |
| | Petition for Review from District Court | Petition for Review or Relief | CIPRD |



# State of Alaska Department of Corrections

## STATEMENT OF ACCOUNT

### GOOSE CREEK CC

Statement Date: 10/04/2023 To: 04/04/2024

Certify this to be a true copy of the original document
Signature [signature] Date 4/4/2024

**ACCOUNT TRANSACTION DETAIL:**

**Offender No:** 753105 **Location** GOOSE CREEK CC **Cell:** J48 B

**Offender Name:** SHIRLEY, CLARENCE CHARLES

| | | | | | |
|---|---|---|---|---|---|
| 3484368-12 | 12/20/2023 | 802 -GCCCCOPIES / GCCC COPY | -19.35 | 0.00 | 362.86 |
| 3484379-28 | 12/20/2023 | 50 -MEDICALCO- / 426377-50 | -5.00 | 0.00 | 357.86 |
| 3484387-39 | 12/20/2023 | 807 -GCCCPOSTAG | -17.25 | 0.00 | 340.61 |
| 3484387-40 | 12/20/2023 | 807 -GCCCPOSTAG | -10.21 | 0.00 | 330.40 |
| 3484387-41 | 12/20/2023 | 807 -GCCCPOSTAG | -10.69 | 0.00 | 319.71 |
| 3484387-42 | 12/20/2023 | 807 -GCCCPOSTAG | -10.21 | 0.00 | 309.50 |
| 3484676-16 | 12/26/2023 | 850 -GCCCPRISON | -74.95 | 0.00 | 234.55 |
| 3484779-40 | 12/27/2023 | 807 -GCCCPOSTAG | -4.15 | 0.00 | 230.40 |
| 3484779-41 | 12/27/2023 | 807 -GCCCPOSTAG | -4.15 | 0.00 | 226.25 |
| 3485126-15 | 01/02/2024 | 850 -GCCCPRISON | -31.00 | 0.00 | 195.25 |
| 3485187-46 | 01/03/2024 | 801 -GCCCCOMMIS / 555835 | -7.80 | 0.00 | 187.45 |
| 3485187-46 | 01/03/2024 | 801 -GCCCCOMMIS / 556259 | -92.90 | 0.00 | 94.55 |
| 3485212-43 | 01/03/2024 | 807 -GCCCPOSTAG | -36.45 | 0.00 | 58.10 |
| 3485777-82 | 01/05/2024 | 291 -PAYROLL | 0.00 | 63.00 | 121.10 |
| 3485777-83 | 01/05/2024 | 291 -PAYROLL | 0.00 | 39.00 | 160.10 |
| 3486036-1 | 01/05/2024 | 8 -CHILDSUPPO / CHILD SUPPORT 40% | -25.20 | 0.00 | 134.90 |
| 3486037-1 | 01/05/2024 | 8 -CHILDSUPPO / CHILD SUPPORT 40% | -15.60 | 0.00 | 119.30 |
| 3486309-20 | 01/09/2024 | 801 -GCCCCOMMIS | -73.00 | 0.00 | 46.30 |
| 3486423-49 | 01/10/2024 | 801 -GCCCCOMMIS / 558169 | -16.05 | 0.00 | 30.25 |
| 3486742-16 | 01/16/2024 | 850 -GCCCPRISON | -20.00 | 0.00 | 10.25 |
| 2756538-0 | 01/16/2024 | 2 -TILL 10123 RECEIPT / GALE PRATT | 0.00 | 500.00 | 510.25 |
| 3487327-16 | 01/23/2024 | 850 -GCCCPRISON | -10.00 | 0.00 | 500.25 |
| 3487773-14 | 01/30/2024 | 850 -GCCCPRISON | -74.65 | 0.00 | 425.60 |
| 3487830-40 | 01/30/2024 | 801 -GCCCCOMMIS / 565970 | -63.50 | 0.00 | 362.10 |
| 3487830-40 | 01/30/2024 | 801 -GCCCCOMMIS / 566349 | -92.53 | 0.00 | 269.57 |
| 3487885-7 | 01/31/2024 | 234 -CK INMATE / BOOKNTHING | -62.71 | 0.00 | 206.86 |
| 3487895-1 | 01/31/2024 | 234 -CK INMATE / HERRSCHNER | -82.12 | 0.00 | 124.74 |
| 3488711-82 | 02/05/2024 | 291 -PAYROLL | 0.00 | 108.50 | 233.24 |
| 3488971-1 | 02/05/2024 | 8 -CHILDSUPPO / CHILD SUPPORT 40% | -43.40 | 0.00 | 189.84 |
| 3489063-17 | 02/06/2024 | 850 -GCCCPRISON | -74.50 | 0.00 | 115.34 |
| 3489127-40 | 02/06/2024 | 801 -GCCCCOMMIS / 568225 | -16.05 | 0.00 | 99.29 |
| 3489127-40 | 02/06/2024 | 801 -GCCCCOMMIS / 568600 | -80.99 | 0.00 | 18.30 |
| 3489130-4 | 02/06/2024 | 234 -CK INMATE / ERH BOOKS | -11.95 | 0.00 | 6.35 |
| 2759310-0 | 02/07/2024 | 2 -TILL 10123 RECEIPT / GALE PRATT | 0.00 | 500.00 | 506.35 |
| 3489674-53 | 02/13/2024 | 222 -RETURN CRD / 568225 | 0.00 | 2.90 | 509.25 |
| 3490024-15 | 02/20/2024 | 850 -GCCCPRISON | -74.45 | 0.00 | 434.80 |
| 3490169-3 | 02/21/2024 | 234 -CK INMATE / ERH BOOKS | -11.95 | 0.00 | 422.85 |
| 3490169-8 | 02/21/2024 | 234 -CK INMATE / HERRSCHNER | -106.67 | 0.00 | 316.18 |

# State of Alaska Department of Corrections

## STATEMENT OF ACCOUNT

### GOOSE CREEK CC

Certify this to be a true copy of the original document
Signature 4/4/2024 Date

Statement Date: 10/04/2023 To: 04/04/2024

**ACCOUNT TRANSACTION DETAIL:**

**Offender No:** 753105 **Location** GOOSE CREEK CC Cell: J48 B

**Offender Name:** SHIRLEY, CLARENCE CHARLES

**Account:** CHECKING

**Account** 258.72

| Trans ID | Trans Date | Transaction Description / Ref Doc | Debit | Credit | Account Balance |
|---|---|---|---|---|---|
| | | Begining Balance | | | 0.00 |
| 2742178-0 | 10/03/2023 | 2 -TILL 10123 RECEIPT / GALE PRATT | 0.00 | 500.00 | 500.00 |
| 3476882-83 | 10/05/2023 | 291 -PAYROLL | 0.00 | 90.00 | 590.00 |
| 3477143-1 | 10/05/2023 | 8 -CHILDSUPPO / CHILD SUPPORT 40% | -36.00 | 0.00 | 554.00 |
| 3477611-11 | 10/09/2023 | 807 -GCCCPOSTAG | -4.15 | 0.00 | 549.85 |
| 3477611-12 | 10/09/2023 | 807 -GCCCPOSTAG | -4.15 | 0.00 | 545.70 |
| 3477691-20 | 10/10/2023 | 850 -GCCCPRISON | -18.00 | 0.00 | 527.70 |
| 3477866-7 | 10/12/2023 | 802 -GCCCCOPIES / GCCC COPY | -27.00 | 0.00 | 500.70 |
| 3478153-5 | 10/16/2023 | 234 -CK INMATE / BOOKNTHING | -24.00 | 0.00 | 476.70 |
| 3478211-14 | 10/17/2023 | 850 -GCCCPRISON | -72.85 | 0.00 | 403.85 |
| 3478256-47 | 10/17/2023 | 801 -GCCCCOMMIS / 531017 | -73.80 | 0.00 | 330.05 |
| 3478256-47 | 10/17/2023 | 801 -GCCCCOMMIS / 531485 | -92.93 | 0.00 | 237.12 |
| 3478544-7 | 10/20/2023 | 234 -CK INMATE / GIFT | -29.00 | 0.00 | 208.12 |
| 3478544-8 | 10/20/2023 | 234 -CK INMATE / GIFT | -30.00 | 0.00 | 178.12 |
| 3478688-14 | 10/24/2023 | 850 -GCCCPRISON | -74.65 | 0.00 | 103.47 |
| 3478713-39 | 10/24/2023 | 801 -GCCCCOMMIS / 533458 | -10.70 | 0.00 | 92.77 |
| 3478713-39 | 10/24/2023 | 801 -GCCCCOMMIS / 533828 | -90.56 | 0.00 | 2.21 |
| 3479769-83 | 11/03/2023 | 291 -PAYROLL | 0.00 | 93.00 | 95.21 |
| 3480065-1 | 11/03/2023 | 8 -CHILDSUPPO / CHILD SUPPORT 40% | -37.20 | 0.00 | 58.01 |
| 3480066-1 | 11/03/2023 | 50 -MEDICALCO- / MEDICAL CO-PAYMENT | -5.00 | 0.00 | 53.01 |
| 3480365-11 | 11/06/2023 | 802 -GCCCCOPIES / GCCC COPY | -2.10 | 0.00 | 50.91 |
| 3480560-27 | 11/07/2023 | 807 -GCCCPOSTAG | -17.10 | 0.00 | 33.81 |
| 3480563-47 | 11/07/2023 | 801 -GCCCCOMMIS / 538053 | -10.70 | 0.00 | 23.11 |
| 3480845-1 | 11/13/2023 | 807 -GCCCPOSTAG | -17.10 | 0.00 | 6.01 |
| 3482518-80 | 12/04/2023 | 291 -PAYROLL | 0.00 | 90.00 | 96.01 |
| 3482780-1 | 12/04/2023 | 8 -CHILDSUPPO / CHILD SUPPORT 40% | -36.00 | 0.00 | 60.01 |
| 3482806-19 | 12/05/2023 | 850 -GCCCPRISON | -6.00 | 0.00 | 54.01 |
| 3483249-35 | 12/06/2023 | 807 -GCCCPOSTAG | -17.10 | 0.00 | 36.91 |
| 2751377-0 | 12/06/2023 | 2 -TILL 10227 RECEIPT / GALE PRATT | 0.00 | 500.00 | 536.91 |
| 3483683-19 | 12/12/2023 | 850 -GCCCPRISON | -35.00 | 0.00 | 501.91 |
| 3484079-3 | 12/16/2023 | 802 -GCCCCOPIES / GCCC COPY | -0.90 | 0.00 | 501.01 |
| 3484197-5 | 12/18/2023 | 234 -CK INMATE / BOOKNTHING | -41.05 | 0.00 | 459.96 |
| 3484214-17 | 12/19/2023 | 850 -GCCCPRISON | -71.90 | 0.00 | 388.06 |
| 3484368-9 | 12/20/2023 | 802 -GCCCCOPIES / GCCC COPY | -5.85 | 0.00 | 382.21 |

# State of Alaska Department of Corrections

## STATEMENT OF ACCOUNT

### GOOSE CREEK CC

Statement Date: 10/04/2023 To: 04/04/2024

**ACCOUNT TRANSACTION DETAIL:**

**Offender No:** 753105 **Location** GOOSE CREEK CC Cell: J48 B

**Offender Name:** SHIRLEY, CLARENCE CHARLES

| | | | | | |
|---|---|---|---|---|---|
| 3490503-20 | 02/26/2024 | 802 -GCCCCOPIES / GCCC COPY | -0.45 | 0.00 | 315.73 |
| 3490503-21 | 02/26/2024 | 802 -GCCCCOPIES / GCCC COPY | -0.45 | 0.00 | 315.28 |
| 3490568-14 | 02/27/2024 | 850 -GCCCPRISON | -75.00 | 0.00 | 240.28 |
| 3490596-36 | 02/27/2024 | 807 -GCCCPOSTAG | -18.40 | 0.00 | 221.88 |
| 3490628-38 | 02/27/2024 | 801 -GCCCCOMMIS / 575626 | -19.50 | 0.00 | 202.38 |
| 3490628-38 | 02/27/2024 | 801 -GCCCCOMMIS / 575965 | -78.21 | 0.00 | 124.17 |
| 3491173-74 | 03/04/2024 | 291 -PAYROLL | 0.00 | 101.50 | 225.67 |
| 3491402-1 | 03/04/2024 | 8 -CHILDSUPPO / CHILD SUPPORT 40% | -40.60 | 0.00 | 185.07 |
| 3491530-15 | 03/05/2024 | 850 -GCCCPRISON | -14.50 | 0.00 | 170.57 |
| 3491908-39 | 03/06/2024 | 801 -GCCCCOMMIS / 577818 | -44.00 | 0.00 | 126.57 |
| 3491908-39 | 03/06/2024 | 801 -GCCCCOMMIS / 578193 | -83.53 | 0.00 | 43.04 |
| 3492421-19 | 03/12/2024 | 850 -GCCCPRISON | -42.00 | 0.00 | 1.04 |
| 2764525-0 | 03/19/2024 | 2 -TILL 10123 RECEIPT / GALE PRATT | 0.00 | 500.00 | 501.04 |
| 3493909-14 | 04/02/2024 | 850 -GCCCPRISON | -74.60 | 0.00 | 426.44 |
| 3493965-33 | 04/02/2024 | 801 -GCCCCOMMIS / 587067 | -52.50 | 0.00 | 373.94 |
| 3493965-33 | 04/02/2024 | 801 -GCCCCOMMIS / 587423 | -75.72 | 0.00 | 298.22 |
| 3494068-22 | 04/03/2024 | 807 -GCCCPOSTAG | -8.05 | 0.00 | 290.17 |
| 3494068-23 | 04/03/2024 | 807 -GCCCPOSTAG | -18.40 | 0.00 | 271.77 |
| 3494068-24 | 04/03/2024 | 807 -GCCCPOSTAG | -8.05 | 0.00 | 263.72 |
| 3494405-5 | 04/04/2024 | 50 -MEDICALCO- / 427030-51 | -5.00 | 0.00 | 258.72 |
| | | Ending Balance | | | 258.72 |

**Account:** SAVING

**Account** 0.00

| Trans ID | Trans Date | Transaction Description / Ref Doc | Debit | Credit | Account Balance |
|---|---|---|---|---|---|
| | | Begining Balance | | | 0.00 |
| | | -----No Transactions----- | | | 0.00 |
| | | Ending Balance | | | 0.00 |

Certify this to be a true copy of the original document

[signature] 4/4/2024

Signature Date

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT PALMER

CLARENCE C. SHIRLEY III

Plaintiff(s),

vs.

STATE OF ALASKA,
DEPARTMENT OF CORRECTIONS

Defendant(s).

CASE NO. 3PA-

**SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

**To Defendant:** ______

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 435 South Denali Street, Palmer, Alaska 99645 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney, or the plaintiff (if unrepresented) ______ whose address is: ______.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf, to inform the court. – OR – If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant
This case has been assigned to:

☐ Superior Court Judge Jonathan Woodman
☐ Superior Court Judge John C. Cagle
☐ Superior Court Judge Kari C. Kristiansen
☐ Superior Court Judge Kristen C. Stohler

☐ District Court Judge William L. Estelle
☐ District Court Judge Shawn Traini
☐ District Court Judge Thomas V. Jamgochian

CLERK OF COURT

______
Date

By: ______
Deputy Clerk

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

IN THE DISTRICT/SUPERIOR/SUPREME COURT FOR THE STATE OF ALASKA
AT PALMER

CLARENCE C. SHIRLEY III
PLAINTIFF

VS.

STATE OF ALASKA,
DEPARTMENT OF CORRECTIONS
DEFENDANT

CASE NO.________________

**PRISONER REQUEST FOR FILING FEE EXEMPTION**

I, CLARENCE C. SHIRLEY III (name of prisoner), request exemption from paying part of the filing fee in this civil litigation against the State of Alaska. As required by AS 09.19.010, I am submitting to the court:

1. the following affidavit, and

2. the attached certified copy of my account statement for the past six months from the Department of Corrections.

AFFIDAVIT

I swear or affirm under penalty of perjury that the following information is true to the best of my knowledge and belief.

1. I am a prisoner at GOOSE CREEK CORRECTIONAL CENTER (name of correctional facility).

2. I am attaching a filled out Financial Statement on court form CR-206.

3. The circumstances that prevent me from paying the full filing fee are: I AM LOW INCOME.

4. Nature of action:
- ☐ application for post conviction relief
- ☒ civil lawsuit
- ☐ appeal of a civil judgment
- ☐ appeal from final decision of an administrative agency
- ☐ other: ________________

5. The following specific facts will, when proven, state a claim on which relief can be granted or entitle me to reversal on appeal: THAT THE STATE OF ALASKA'S DEPARTMENT OF CORRECTIONS IS VIOLATING MY CONSTITUTIONAL RIGHT TO FAMILY ASSOCIATION, ACCESS TO THE COURTS, AND REHABILITATION.

08 APR 24
Date

Prisoner's Signature

Subscribed and sworn to or affirmed before me at Wasilla, Alaska on 4/8/24.
(date)

(SEAL)

W. LEBEOUF
NOTARY PUBLIC
STATE OF ALASKA

Notary Public or other person authorized to administer oaths.
My commission expires With office

ORDER

It is ordered that the above request is

☐ GRANTED. The court finds that exceptional circumstances prevent the prisoner from paying the full filing fee. The required filing fee will be $ ________________ (Minimum required by AS 09.19.010(d) is 20% of the larger of average monthly deposits to or average balance in prisoner's account.)

☐ DENIED. The court finds that no exceptional circumstances prevent the prisoner from paying the full filing fee.

**Notice: This case may be dismissed without further notice unless the required filing fee is paid within 30 days after the date of distribution of this order.**

Date

Judge

I certify that on ________________
a copy of this order was sent to:

Type or Print Name

Clerk: ____________

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT PALMER

| | |
|---|---|
| CLARENCE C. SHIRLEY III,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF ALASKA, DEPARTMENT OF CORRECTIONS,<br><br>Defendant, | Case No. __________<br><br>Agency Grievence No. GC22-394 & GC23-823 |

COMPLAINT

On June 02, 2022, the plaintiff, Clarence C. Shirley III, was talking to his sister on the telephone. He asked her to put money on his Access Corrections media player so he could purchase music. While he was helphing his sister set up her account, the call was cut off. He then tried to call her back and found out that the number was blocked.

On June 10, 2022, after learning who to address this issue to, the plaintiff contacted security Sgt Ennis, and asked why his sister's telephone number was blocked. In this Request For Interview (RFI) the plaintiff informed Sgt Ennis that his sisters number was blocked while he was attempting to walk her through setting up a Access Corrections account. Sgt Ennis informed the plaintiff that his sisters number was blocked due to outside banking.

On June 12, 2022, the plaintiff filed a staff misconduct grievance stating that Sgt Ennis lied on his report. His grievance was investigated by Lt Flowerdew (now superintendant) who stated that Sgt Ennis was being truthful and then recommended that the plaintiff's grievance be denied./The plaintiff then appealed to the Division Operations Manager on July 24, 2022, who upheld the facility's investigation and decision. All of the staff involoved have violated P&P (policy and procedure), AAC (Alaska administrative code), Alaska statute, and the Alaska constitution by; 1) lying on a report; and 2) covering up staff misconduct that involved lying on a report. [See Memorandum in support and attachments]. The plaintiff requests a hearing were this court reviews audio of the plaintiff in order to see that DOC is lying. Then to have this court order DOC to fix the number.

Clarence C. Shirley III

DOC # 753105
Goose Creek Correctional Center
22301 W. Alsop Rd.
Wasilla, AK 99623

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

JUDICIAL DISTRICT AT PALMER

| | | |
|---|---|---|
| CLARENCE C. SHIRLEY III,<br>Plaintiff,<br>vs.<br>STATE OF ALASKA, DEPARTMENT OF CORRECTIONS,<br>Defendant. | ) | Case No. ______<br>Agency Grievance No. GC22-394 ; GC23-823 |

MEMORANDUM IN SUPPORT FOR CIVIL COMPLAINT

Introduction

The plaintiff, Clarence C. Shirley III, comes now in the capacity of propria persona, asks now for liency and relaxsation of the Alaska Rules of Court as allowed under Rule 94.

Furthermore, a "document filed pro se is to be 'liberally construed,' and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." [Erickson v. Pardus, 551 U.S. 89, 94 (2007)]. And "can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him relief.'" [Estalle v. Gamble, 429 U.S. 97, 106-107 (1976)].

Statement of the Case

On June 02, 2022, the plaintiff was talking to his sister on the telephone. He asked her to put money on his Access Corrections media player so he could purchase music. While he was helping his sister set up her account, the call was cut off. He then tried to call her back and found out that the number was blocked.

DOC # 753105
Goose Creek Corectional Center
22301 W. Alsop Rd.
Wasilla, AK 99623

On June 10, 2022, after learning who to address this issue to, the plaintiff contacted security Sgt Ennis, and asked why his sister's telephone number was blocked in a request for interview (RFI). In this RFI the plaintiff informed Sgt Ennis that his sister's number was blocked while he was attempting to walk her through setting up a Access Corrections Account. Sgt Ennis informed the plaintiff that his sister's number was blocked due to "Inmate to Inmate 'outside' banking." And that that the number would remain blocked. [Attachment 1].

On June 12, 2022, the plaintiff filed a staff misconduct grievence stating that Sgt Ennis lied on his report. His grievance was investigated by Lt. Flowerdew (now superintendant) who stated Sgt Ennis was being trutyful and then recommended that the plaintiff's grievance be denied. [Attachments 1-5].

Prior to the current sittuation, the plaintiff had filed a staff miscon-uct grievance against Sgt Ennis while he was the facility standards officer, aledging that Sgt Ennis imporperly screend a grievance. The plaintiff's grievance was denied, but the plaitiff believes that Sgt Ennis took offense to the plaintiff's actions. [For documentation the court would have to see the plaintiff's DOC records].

Also prior to the current sittuation the plaintiff contacted the FBI about Sgt Rice assaulting a black inmate in segragation. Lt Flowerdew was the investigating representative for DOC in that situation. Lt Flowerdew was bias in his investigation and during an interview with the plaintiff Lt Flowerdew down played Sgt Rices behavior and tried to protect him. [The plaintiff's report to the FBI and DOC's findings are a matter of record and should be a part of the plaintiff's DOC records].

The plaintiff believes that his actions fueled Sgt Ennis and Lt Flowerdew's actions in the current case. Which is why Sgt Ennis lied on his report about the plaintiff's phone call. And which is why Lt Flowerdew lied to cover up Sgt Ennis's actions in Lt Flowerdew's investigation report. This was a chance for the both of them to retaliate against the plaintiff for trying to hold DOC accountable in the prior sittuations.

On July 20, 2022, Superintendant Houser agreed with the investigation report and denied the plaintiff's grievance. [Attachment 5]. On July 24, 2022, the plaintiff appealed to the Division Operations Manager, who also denied his request and agreed with Sgt Ennis and Lt Flowerdew. [Attachment 6].

Recently the plaintiff tried to fix this issue with DOC but was denied, [Attachment's 7-12], the current facility standards officer made it clear that the plaintiff has no avenue to bring this problem up because it has allready been decieded. [Attachment 10].

All of the staff involved in this issue have violated Policy and procedure (P&P), Alaska Adiministrative Code (AAC), Alaska statute, and the Alaska Constitution by; 1) lying on a report; and 2) covering up staff misconduct that involved lying on a report. The plaintiff requests that this court hold a hearing and listens to the aledged phone call, and once this court see's that DOC is lying, order's them to fix the issue.

Standard of Review

Constitutional rights of inmates are reviewed de novo. [Simmons v. State, Dep't of Corr., 426 P.3d 1011, 1015 (Alaska 2018)].

The interpretation of statute is a question of law to which we apply our independent judgement, interpreting statute according to reason, praticality, and common sense, considering the meaning of the statute's language, its legislative history, and its purpose. [Johnson v. State, Dep't of Corr., 380 P.3d 653, 655 (Alaska 2016)].

Simply because prison inmates retain certain constitutional rights does not mean that these rights are not subject to restriction and limitations. There must be a "mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application," ... and this principle equally applies to pretrial detainees and convicted prisoners. [Bell v. Wolfish, 441 U.S. 520, 545-548 (1979)].

Argument

Policy and Procedure 103.01 states:

The Department of Corrections (DOC) recognizes the need for its staff to be able to take a standardized, consistent approach to certain matters throughout the Department. To this end written policies and procedures (P&Ps) on specific topics will be developed, published, revised, and repealed when needed, in order to provide a consistent, standard approach to various everyday activities encountered throughout the Department.

And under Application of P&P 103.01 it reads, "This policy and procedure will apply to all Department employees." This means that Sgt Ennis had a duty to follow the proper P&P in regards to the plaintiff's aledged telephone abuse.

Prisoner Access to Telephones is regulated by P&P 810.01 and it states:

It is the policy of the Department of Corrections (DOC) to have in place uniform procedures to allow all prisoners reasonable access to telephones. [Policy, I]. ... Prisoners in general population and adminstrative segregation shall have reasonable telephone access as determined by the Superintendent. A general population or administrative segregation prisoner's telephone access may be limited or suspended by: a. A disciplinary tribunal and/or hearing officer as punishment for a disciplinary infraction according to DOC P&P 809.02 (Prohibited Conduct and Penalties); or b. The Superintendent based upon an individualized determination that the prisoner's telephone use threatens institutional security, the safety of a person, the protection of the public, or otherwise constitutes telephone misuse, such as unlawful victim contact or harassment.

Furthermore P&P 810.01 lists 7 reasons why DOC Restricts Numbers:

H. Resticts Numbers; Called numbers may be restricted for the following reasons: 1. If any three-way communication is detected; 2. The caller attempts to contact a witness in a criminal or civil case either directly or indirectly; 3. Friend or family request; 4. Caller exhibits harassing or verbally abusive behavior; 5. The caller uses a PIN that has not been issued directly to him or her; 6. Caller contacts or attempts to contact a victim either directly or indirectly; and 7. Discussion of any criminal activity by either the caller or called party.

P&P 809.02(C)(20) which is a High-Moderate Infraction, covers the above stated reasons for restricting numbers (misusing the telephone, e.g., making intimidationg, obscene, harassing or threatening phone calls; making a three-way-call or using a call-forwardig service.) and lsits the punishment as "up to 60 days" of "Suspended Activities"; "Confinement in punitive segragation, ... 40 days for a high-mdderate infraction"; and "Suspension ... [of] telephone calls, except to an attorney of the office of the ombudsman". P&P 809.02(D)(3) which is a Low-Moderate Infraction, covers any other telephone misuse as "unauthorized use of the mail or telephone", and lists all of the same punishments except that there is "40 days" of "Suspended Activities" and "20 days" of "Confinement in punitive segragation".

Based on the above stated P&P, Sgt Ennis could have written the plaintiff up for a D-3 Low-Moderate Infraction if he believed the plaintiff had violated the rules and then after a disciplinary hearing if the plaintiff had been found guility the above stated punishment would have been permissible. Or Sgt Ennis could have sent the issue to the Superintendent to seek a individualized determination that the plaintiff's telephone used violated the rules. But Sgt Ennis was never permitted to restrict the plaintiff's telephone number. In doing so he violate P&P 801.01 and 809.02 and Alaska Admistrative Code (AAC), 22 AAC 05.470(a), Only a disciplinary tribunal may impose punishment for a infraction.

By not following P&P Sgt Ennis was able to bypass the disciplinary process which would have allowed the plaintiff to have the telephone call palyed at his hearing. A hearing were the plaintiff would have had a hearing advisor and been able to present evidence in his favor. The plaintiff would have been able to show that Sgt Ennis was at minimal mistaken and/or was intentionally

using this opportunity as a chance to retaliate for grieving him. Had Sgt Ennis turner the issue over for the Superintendent for a individualized determination the same process would have bee followed. The phone call would have been litened to, by an objective party, and the plaintiff would have been able to prove that he was correct and Sgt Ennis was incorrect.

When the plaintiff filed his "Staff Misconduct" grievance against Sgt Ennis the only person who aledgedly listened to the telephpone call was Lt Flowerdew. The plaintiff is sure that because Lt Flowerdew was the staff member who investigated the plaintiff's complaint to the FBI for a Sgt Rice's misconduct involving a black inmate, that he did not recieve a fair and honest assessment of the issue involving his telephpone call with his sister. During the plaintiff's interview with Lt Flowerdew involving the staff misconduct with Sgt Rice, Lt Flowerdew focused almost soley on the inmate and not on the fact that Sgt Rice's actions were uncalled for and assaultive in nature. This in the plaintiff's view shows that Lt Flowerdew does not have the ability to be objective, and because of the Lt actions in this current issue, the plaintiff is sure that he is lying in order to protect Sgt Ennis.

P&P 801.01 gives the Superintendent the ability to make an individualized determination on whether or not a telephone number should be restricted. But in order for this to happen the Superintendent who have had to listen to the call and then make his determination. This did not happen. The only people who listended to the call were staff members who have had prior negative interactions with the plaintiff. Therefore DOC's actions in this sittuation violated its own policy and procedure and corresponding AAC.

DOC's actions also violate Alaska Statute 33.30.231(a), which states:

A prisoner shall have reasonable access to a telphone except when access is suspended as punishment for conviction of a rule infraction or pending a hearing for a rule infraction involving telephone abuse. A suspension under this subsection must be reasonable in length and may not prohibit telephone communitaction between the prisoner and an attorney or between the prisoner and the office of the ombudsman.

In order to interpret this statute one must look to the guidelines set out in Johnson [Id at Supra]. Johonson states that Alaskan courts interpret "statute according to reason, praticality, and common sense, considering the meaning of the statute's language, its legislative history, and its purpose." The purpose of AS 33.30.231(a) is to regulate telephone access for inmates. And if one interprets the statute's language "according to reason, prati- cality, and common sense," then one would see that the statute indicates that "A prisoner shall have reasonable access" "except when access is suspended as punishment" "or pending a hearing for a infraction involving telephone abuse." And that punishment "must be reasonable in length". So the language is very clear and it sets the guidelines that DOC must follow. In essence AS 33.30.231 (a) has created procedureal due process in the how and when a suspension is warrented. And it has created substantial due process because it has determined that the suspension must be "reasonable in length."

DOC might contend that the Ninth Circuit decision, Valdez v. Rosenbaum, 302 F.3d 1039 (Alaska 2002), has determined that the plaintiff does not have any due process rights obtained through AS 33.30.231, but this would be in error. The Valdez sittuation is significantly different than the current one. In Valdez the State's prosecutor had DOC restrict the plaintiff's telephone number to prevent the plaintiff from tipping off his co-conspirators that they were about to be arrested [Valdez, Id at 1046].

In the current sittuation the plaintiff's telephone access to his sister

was restricted because of a alledged rule infraction, and thus must be seen as punishment. "In distingushing between a permissible restriction and impermissible punishment, we first examine whether the restriction is based upon an express intent to inflict punishment." [Valdez, Id at 1046]. Not only was DOC's restriction based on a rule infraction, but DOC's policy declares it a punishment.

Furthermore the restriction is excessive "in relation to the alternative purpose assigned to it." [Valdez, Id at 1046]. Had the plaintiff been written up as P&P indicates he should have been for the aledged rule infraction, then his punishment would have been no more than "40 days" of "suspended activities", not a life sentence (permanent restriction). "Pretrial detainees have a substantial due process right against restrictions that amount to punishment. ... This right is violated if the restrictions are 'imposed for the purpose of punishment.'" [Valdez, Id at 1046]. DOC's actions violated the plaintiff's constitutional right to due process, USCS Const. amend. 14; Alaska Const. Art. I, § 7.

The Ninth Circuit has "stated in dicta that 'prisoners have a First Amendment right to telephone access, subject to reasonable security limitations.' ... [which includes] the 'right to communicate with family and friends.'" [Valdez, Id at 1048].

> A prison regulation that impringes on an inmate's constitutional right "is valid if it is reasonably related to legitimate penological interests." ... In making the "reasonableness" inquiry, we consider the four factors articulated in Turner: (1) whether there is a valid, rational connection between the restriction and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right; (3) whether accomodating the asserted constitutional right will have significant negative impact on prison guards and other inmates, and on the allocation of prison resources generally; and (4) whether there are obvious, easy alternatives to the restriction showing that it is an exaggerated response to prison concerns. [Valdez, Id at 1049; citing Turner v. Safley, 482 U.S. 78 (1986)].

In the current sittuation there is no "valid, rational connection" in restricting the plaintiff's sister's telephone number, and DOC's justificacion for restricting it. The plaintiff didn't do what DOC claims he did. Second, the plaintiff does not have alternatve ways of excercising his right to "family" comunication that is equal to talking to his sister on the phone, which in Alaska is considered visitation, Antenor v. Dep't of Corr., 462 P.3d 1 (Alaska 2020). The plaintiff's sister lives out of state in Oregon. Third, "accomodating the asserted constitutional right" will not have a negative impact on the prison or other inmates. DOC already listens to inmate phone calls and as seen in the current case they cut his phone call mid call. And lastly, "there are obvious, easy alternatives to the [permant] restriction showing that it is an exaggerated response to prison concerns." DOC has the punishment already defined for this type of rule infraction, which as seen above is way less harsh then what DOC has done here. DOC is violating the plaintiff's first amendment right to family communication, as seen in USCS Const. Amend. 1; Alaska Const. Art. I, § 1.

The plaintiff's sister is a educated, practicing parralegal and has been assisting him with issues surounding his current pretrial detention. Ever since the plaintiff was arrested for his current crimianl case she has helped him because from the time of his arrest till now the plaintiff has had one communication problem after another. DOC's actions are interfering with the plaintiff's constitutional right to access the courts. The Supreme Court has held that inmates have a Sixth Amendment right to recieve assistance from attorney's, which includes "law students and/or paralgals",[Procunier v. Martinez, 416 U.S. 396, 419 (1974)]. DOC's actions are violating the plaintiff's access to the courts, USCS Const. Amend. 6; Alaska Const. Art. I, § 11.

In Alaska rehabilitation starts while a criminal defendant is still pretrial. We see this principle in AS 12.55.027 (a). Since this is the case then other concepts of rehabilitation should matter as well. Concepts like phone calls to family which is "'indispensable' and 'critcally important' to rehabilitation because it helps prisoners maintain ties to their families and the outside world, facilitates their re-entry into society after they have served their sentence, and reduces recidivism.'" [Antenor v. State, 462 P.3d 1, 15 (Alaska 2020)]. DOC's actions in the current sittuation have placed a permanent restriction on the plaintiff for an alledged low-moderate rule infraction and thus based on Antenor violate Alaska Const. Art. I, § 12.

DOC might claim that its action amount to "harmless error". But this is not the case. Right now another inmate, is fighting this same issue and it was Sgt Ennis who is the staff member that took his phone number, see Barenz v. State, Dep't. of Corr., case number 3PA-22-02314CI. This shows a pattern of behavior. In that case the inmate sent a letter to congress talking about Sgt Ennis's and Superintendant Houser's misconduct and after this all of a suden his sister's number gets restrict in violation of all of the same P&P, AAC, Statute, and Constitutionial requirements as seen here.

DOC is using this process to take inmates and pre-trial detainies support groups away from them on a one-by-one basis in order to get around their constitutional dutys and to surpass Alaska Statute 33.30.231. DOC is allowed to maintain the security of the institution but not at the cost of inmates rights. Nor at the cost of protecting the community, which by taking away inmates families DOC is raising recidivism.

Conclusion

Based on the above stated arguement the plaintiff asks this court to order the defendant to reinstate is sister's telephone number. If it is

to early to request this then the plaintiff requests an evidentary hearing in order to have his phone calls with his sister listened to in court so that he can prove that DOC is lying about his misconduct. And thus get this court to order the unrestriction of his sister's telephone number.

Thank You,

Clarence C. Shirley III
Pre-trial Plaintiff

Sent to the following on 01 APRIL 2024 :

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

INMATE COPY

## Request for Interview

| Name: | SHIRLEY, CLARENCE | Institution: | GCCC | Date: | 10 JUN 22 |
|---|---|---|---|---|---|
| OTIS# | 753105 | Mod/Quad: | JULIET 42 | | |

To: SSGT ENNIS - SECURITY

Request: SIR, I ALREADY HAVE SENT AN R.F.I. ASKING WHY MY SISTERS NUMBER (541)561-9492 WAS TERMINATED AND BLOCKED ON 02 JUN 22 WHILE I WAS TRYING TO WALK HER THROUGH SETTING UP AN ACCOUNT WITH ACCESSCORRECTIONS.COM (WHICH IS AN APPROVED VENDOR). I AM TRYING TO HANDLE THIS AS LOW AS POSSIBLE SIR AND WOULD APPRECIATE ANY ASSISTANCE YOU CAN PROVIDE. I TRULY APPRECIATE ALL THAT YOU DO! THANK YOU AND GOD BLESS YOU!

Prisoner Signature: [signature]

Action Taken: It had nothing to do with Access. It was the Inmate to Inmate "Outside" banking. The # will remain blocked

Employee Signature: [signature] Date: 6-11-22

Final Action Taken:

Employee Signature: Date:

Instructions: Request must be specific and state the action being requested (i.e., interview, hearing, etc.) Requests are to be responded to within a reasonable time of receipt.

Distribution: Original to Case Record

*Department of Corrections, Form 808.11A*
*Rev.04/08*



STATE OF ALASKA DEPARTMENT OF CORRECTIONS

## PRISONER GRIEVANCE

PART ONE

| PRINT NAME | INSTITUTION/MODULE | OBSCIS # | FSO LOG # | DIO LOG # |
|---|---|---|---|---|
| [illegible] | [illegible] | 753105 | | GCCC-2022-394 |

| INCIDENT DATE | TODAY'S DATE |
|---|---|
| 02 JUNE 2022 | 12 JUNE 2022 |

| BEFORE YOU COMPLETE THIS FORM: | CIRCLE | If you said "NO" to any questions, the grievance may be screened and returned. |
|---|---|---|
| 1. Is this about an incident that is other than a disciplinary action or classification decision? | (Yes) No | |
| 2. Did you first talk to the right person to informally solve the incident? | (Yes) No | |
| 3. Did you file a Request for Interview form (808.11a) on this incident and receive a response? | (Yes) No | |

**INSTRUCTIONS:**

1. Limit this grievance to ONE incident.
2. Attach the completed Request for Interview form copy OR describe HOW you attempted to solve it informally:
   a. WHO did you talk to?
   b. WHEN did you talk with him/her?
   c. WHAT were you told?
3. Attach up to two additional pages of narrative to describe the incident.

**AFFIRMATION and SIGNATURE:**

1. I affirm that this grievance is filed within 30 days of the incident or my knowledge of the incident.
2. I affirm the following statements are true and accurate and that I may be disciplined for providing false information pursuant to 22 AAC 05.400.

PRISONER'S SIGNATURE: [signature]

STAFF MISCONDUCT

ON 02 JUNE 2022 MY SISTERS PHONE NUMBER (541) 514-1492 WAS [illegible] AND HER NUMBER WAS [illegible] IN THE MIDDLE OF OUR CALL [illegible] [illegible] [illegible] ([illegible]) [illegible] [illegible] [illegible] AND WAS INSTRUCTED BY HIM TO R.F.I. SGT [illegible], [illegible] WHICH I DID (SEE ATTACHED). R.F.I. WAS SENT 10 JUNE 2022, REPLY WAS RETURNED 10 JUNE 2022. SGT [illegible] STATES IN HIS RESPONSE [illegible] "[illegible]" [illegible], WHICH IS AN [illegible] [illegible] AND 22.[illegible](A). SGT [illegible] IS ALSO GUILTY OF [illegible], AND [illegible] [illegible] ALASKA LAW, ALASKA ADMINISTRATIVE CODE, POLICY AND PROCEDURE, AND [illegible] [illegible] [illegible] [illegible] ([illegible]) [illegible] (2)(A)(2), 22 AAC 05.[illegible], AND AS 33.30.231(a)

**I REQUEST THE FOLLOWING RELIEF** (State outcome you are seeking):

[illegible] MY SISTER'S PHONE NUMBER UNBLOCKED, AND SGT [illegible] BE [illegible] [illegible] [illegible] [illegible] [illegible] OF [illegible].

I acknowledge receipt of this grievance and have issued the log number above for reference. Please refer to assigned log number with any inquiries about this grievance

DATE RECEIVED: 6/14/22 STANDARDS OFFICER SIGNATURE: [signature]

Page 1 of 2

*Department of Corrections, Form 808.03C*
*Rev. 12/15*



POLICY 202.01a AND 202.15 (I)(A) ALSO MAKE IT QUITE CLEAR THAT STAFF CANNOT FALSIFY D.O.C (DEPARTMENT OF CORRECTIONS) FORMS AND REPORTS AND MUST FOLLOW ALASKA STATUTES/LAWS. POLICY AND PROCEDURE 103.01 "APPLICATION" STATES "THIS POLICY AND PROCEDURE WILL APPLY TO ALL DEPARTMENT EMPLOYEES, POLICY AND PROCEDURE 103.01 (I.I.) (B) STATES THAT POLICY AND PROCEDURE WILL COMPLY WITH ALASKA STATUTE / ALASKA ADMINISTRATIVE CODE (AAC) AND COMPLIANCE IS REQUIRED. THE LAW STATES; "PHONE CALLS MAY ONLY BE RESTRICTED PENDING A DISCIPLINARY HEARING OR UPON A CONVICTION, AND ONLY BY A DISCIPLINARY TRIBUNAL / HEARING OFFICER OR THE SUPERINTENDENT. SSG ENNIS'S BLATANT LIE FALLS UNDER STAFF MISCONDUCT. I AM ASKING THAT THE PHONE CALL BE REVIEWED WITH ME PRESENT, BECAUSE AT NO TIME IN THE CALL WERE HIS (SSG ENNIS'S) CLAIMS ACCURATE. I APPRECIATE ALL THAT YOU DO! THANK YOU AND GOD BLESS YOU!

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT PALMER

CLARENCE C. SHIRLEY III,

Plaintiff,

vs.

STATE OF ALASKA, DEPARTMENT OF CORRECTIONS,

Defendant.

Case No. ____________

Agency Case No. GC22-394

DOC # 753105
Goose Creek Correctional Center
22301 W. Alsop Rd.
Wasilla, AK 99623

TRANSCRIPTION OF PRISONER GRIEVANCE NUMBER GC22-394

STAFF MISCONDUCT

On 02 June 2022 my sisters number (541) 561-9492 was terminated and her number was blocked in the middle of our call, while I was trying to walk my sister through the set up for Access Corrections (which is an approved vendor) for the MP3 Player I have on order. I wrote an Request For Interview (R.F.I.) to Sgt Iverson in Security and was instructed by him to R.F.I. SSG Ennis, in which I did (see attached). R.F.I. was sent 10 June 2022, reply was received 12 June 2022. SSG Ennis states in his response he claims "inmate to inmate""ouside" banking, which is an absolute lie (violates policy 202.01a and 202.15 (I) (A). SSG Ennis is also guilty of violating and blatantly ignoring Alaska law, Alaska Administrative Code, policy and procedure, plus federal rules. I am pretrial (unsentenced on top of all of this, please see P&P (policy and procedure) 810.01 (a) (H) (2), 22 AAC 05.530, and AS 33.30.231 (a), policy 202.01a and 202.15 (I) (A) also make it quite clear that staff cannot falsify D.O.C. (Department of Corrections) forms and reports and must follow Alaska Statutes/laws. Policy and Procedure 103.01 "application" states "this

policy and procedure will apply to all department employees. Policy and procedure 103.01 (II) (B) states that policy and procedure will comply with Alaska statute/Alaska administrative code (AAC) and compliance is required. The law states; "phone calls may only be restricted pending a disciplinary hearing or upon a conviction, and only by a disciplinary tribunal/hearing officer or the superintendent. SSG Ennis blatant lie falls under staff misconduct. I am asking that the phone call be reviewed with me present, because at no time in the call were his (Sgt Ennis's) claims accurate. I appreciate all that you do! Thank you and God bless you! [This a transcribed copy of Attachment's 2-3, and is accurate and true to the best of my ability].

____________________ Date

____________________ Signature

Subscribed and Sworn to or affirmed before me at ________________, Alaska on ____________________ (date).

(SEAL)

____________________________
Notary Public or other person authorized to administer oaths.
My commission expires ____________________

COPY

| PRISONER NAME | ACOMS NUMBER | DIO LOG NUMBER |
|---|---|---|
| Shirley, Clarence | 753105 | GCC22-0394 |

INMATE COPY

**INVESTIGATOR'S FINDINGS AND RECOMMENDATIONS**

In a review of the grievant information, inmate Shirley claims on 06/02/2022; he was on the phone with his sister. During the call, inmate Shirley stated he was guiding his sister through the set-up process of access corrections when the call was terminated, and the number was blocked. When inmate Shirley inquired as to why the number was blocked with SSgt. Ennis via RFI he was told it was blocked due to inmate Shirley conducting inmate to inmate outside banking on the phone. Due to SSgt. Ennis answering the RFI, Inmate Shirley alleges that SSgt. Ennis lied on an official report. Inmate Shirley stated in his grievance that he had not violated policy and feels this is a staff misconduct issue involving SSgt. Ennis.

In a review of the information, this investigator listened to the referenced call. During the call, inmate Shirley asks a female he is speaking with to put money on his friend's account so he can get a couple of songs for his MP3 player. Inmate Shirley then proceeded to instruct the female through the process of transferring funds to another inmate's account when the call was cut short.

Taking into consideration that Policy 302.12 X. A-C specifically says that all banking transactions require the written approval of the Superintendent. It would appear that inmate Shirley's actions were at odds with policy.

The relief requested is as follows: "An apology, my sister's phone number unblocked, and SSG Ennis be removed from his position for lying on a DOC report in the commission of his job" Due to the information presented, this investigator recommends that the grievant request be denied.

INVESTIGATOR'S PRINTED NAME: [signature] DATE: 7/19/22

INVESTIGATOR'S SIGNATURE: [signature]

**SUPERINTENDENT'S FINDINGS AND DETERMINATION:**

Inmate Shirley, I've read your grievance and reviewed the attached and phone call. The investigator is correct concerning outside banking.

SUPERINTENDENT'S SIGNATURE Earl X Houser DATE 7-20-22

**PRISONER'S RESPONSE:**

___ I AM SATISFIED WITH THE RESPONSE.
_X_ I AM NOT SASTISFIED WITH THE RESPONSE.
___ BUT DO NOT WISH TO APPEAL.
_X_ AND DO INTEND TO APPEAL TO THE DIRECTOR OF INSTITUTIONS OF MEDICAL DIRECTOR.

I UNDERSTAND THAT MY COMPLETED STATEMENT OF APPEAL FORM MUST BE SUBMITTED TO THE GRIEVANCE COORDINATOR WITHIN TWO WORKING DAYS OF THIS DATE.

PRISONER'S SIGNATURE [signature] DATE 21 JUL 22

'ORM DELIVERED TO PRISONER BY OFFICER ______________________ (PRINT NAME/SIGNATURE) ______________ (DATE/TIME)

ISTRIBUTION: **Original to Prisoner Case File/Prisoner/Grievance Coordinator**

Grievance Appeal Due Date 7/24/22 Time 1000

Department of Corrections Form #808.03C



COPY
INMATE COPY

STATE OF ALASKA DEPARTMENT OF CORRECTIONS

# PRISONER GRIEVANCE APPEAL STATEMENT

| PRINT NAME | INSTITUTION/MODULE | OFFENDER NUMBER | FSO LOG NUMBER | DIO LOG NUMBER |
|---|---|---|---|---|
| SHIRLEY, CLARENCE | GCCC / J42T | 753105 | | GCC22-394 |

DATE OF APPEAL: 24 JUL 22

I appeal the Facility Manager's determination for the following reasons:

BECAUSE AGAIN, BLATANT DISREGARD FOR POLICY AND PROCEDURE BEING CONDONED BY SUPERINTENDENT HOUSER, WHO IS BEING PROTECTED BY HIS HIGHER UP (VICIOUS CYCLE OF COVERING UP FOR THE GUY BELOW YOU WHO REFUSES TO FOLLOW THE PROPER POLICY AND PROCEDURES). WHAT WAS DONE VIOLATES ALASKA ADMINISTRATIVE CODE, ALASKA LAW, ALASKA STATUTES, FEDERAL LAWS, AND POLICY AND PROCEDURE. AS I STATED NO INMATES NAME OR ANY BANK ACCOUNT INFORMATION WAS MENTIONED. I EVEN SENT PROOF TO SUPERINTENDENT HOUSER THAT I HAD ORDERED MY PLAYER BEFORE MY SISTERS PHONE NUMBER WAS BLOCKED; BUT THAT EVIDENCE HAS DISAPPEARED. I TRIED TO INFORMALLY RESOLVE THIS AGAIN SO I COULD DROP THE GRIEVANCE. JUST BECAUSE OFFICERS TWIST AND TAKE THINGS OUT OF CONTEXT DOES NOT MAKE IT LEGAL TO VIOLATE LAWS, AAC, P&P, AND DUE PROCESS. WHAT WAS DONE WAS HIGHLY ILLEGAL AND ACTUALLY IS NOW CRUEL AND UNUSUAL PUNISHMENT/TORTURE WITH NO HEARING. IT IS NOT AGAINST POLICY FOR ME TO GET A VARIETY OF MUSIC AND LET OTHERS LISTEN TO IT WITH ME. YOU EVEN ALLOW THE DUAL HEADPHONE JACK TO BE SOLD.

PRISONER'S SIGNATURE:

I acknowledge receipt of this grievance appeal statement and have logged it with the appropriate initially filed grievance.

| DATE FILED IN STANDARDS' OFFICE: | FACILITY STANDARDS OFFICER'S SIGNATURE: |
|---|---|
| 7/26/22 | [signature] |

DIRECTOR OF INSTITUTIONS'/MEDICAL ADVISORY COMMITTEE'S DECISION:

Mr. Shirley, the facility's investigation and application of policy relating to phone calls is correct. The number will remain blocked. Your appeal is denied.

Sidney Wood Division Operations Manager 8/5/2022

Distribution: ~~Original to Prisoner Case File~~
Facility Standards Officer
Prisoner

*Form 808.03D*
*Rev. 10/06*



STATE OF ALASKA
DEPARTMENT OF CORRECTIONS

INMATE COPY

INMATE COPY

# Request For Interview Form:

**SECURITY – White MEDICAL - Yellow**

**(NOTE: Do not use for medical emergencies!)**

| Printed Name: | SHIRLEY, CLARENCE | Institution: | GCCC | | |
|---|---|---|---|---|---|
| Offender #: | 753105 | Mod / Quad: | JULIET 48T | Date: | 20 DEC 23 |
| DOB: | ——— | How long has the problem existed? | ——— | | |

To: SECURITY

Request: PLEASE UNBLOCK (541) 561-9492 WHICH WAS BLOCKED OVER A YEAR AGO WRONGFULLY AND ILLEGALLY. JUDGE CAGLE ALREADY RULED THIS IS A VIOLATION OF SUBSTANSIVE DUE PROCESS. I HAVE A COPY OF THE INMATES CASE.

Prisoner Signature: [signature]

Action Taken: Not sure what case you are talking about. It will remain blocked.

Employee Signature: [signature] | Employee Printed Name: | Date: 12-23-23

Final Action Taken:

Employee Signature: | Employee Printed Name: | Date:

Check here if response to prisoner was made verbally: ☐ **(Not allowed for Medical RFIs.)**

Instructions: Request must be specific and state the action being requested (i.e., interview, hearing, etc.). Requests are to be responded to within a reasonable time frame after receipt.

**Distribution:**

**Security RFI:**
Original to prisoner case record.
Copy to Prisoner. (Unless response was made verbally.)

**Medical RFI:**
Original scanned in to EHR and then to medical records.
Copy to prisoner.

INMATE COPY

STATE OF ALASKA DEPARTMENT OF CORRECTIONS

## PRISONER GRIEVANCE

### PART ONE

| PRINT NAME | INSTITUTION/MODULE | Offender # | FSO LOG # | DIO LOG # |
|---|---|---|---|---|
| SHIRLEY, CLARENCE | GCC / JULIET 48B | 753105 | | GC23-823 |

| INCIDENT DATE | TODAY'S DATE |
|---|---|
| 20 DEC. 23 | 24 DEC. 23 |

**BEFORE YOU COMPLETE THIS FORM:**

| | CIRCLE | If you said "NO" to any of these questions, the grievance may be screened and returned. |
|---|---|---|
| 1. Is this about an incident that is other than a disciplinary action or classification decision? | (Yes) No | |
| 2. Did you first talk to the appropriate person to informally solve the incident? | (Yes) No | |
| 3. Did you file a Request for Interview Form (cop-out) on this incident **and** receive a response? | (Yes) No | |

**INSTRUCTIONS:**

1. Limit this grievance to ONE incident.
2. Attach the completed Request for Interview Form copy OR describe HOW you attempted to solve it informally:
   a. WHO did you talk to?
   b. WHEN did you talk with him/her?
   c. WHAT were you told?
3. Attach up to two additional pages of narrative to describe the incident.

**AFFIRMATION and SIGNATURE:**

1. I affirm that this grievance is filed within 30 days of the incident or my knowledge of the incident.
2. I affirm the following statements are true and accurate and that I may be disciplined for providing false information pursuant to 22.AAC 05.400.

**PRISONER'S SIGNATURE:** [signature]

I DO NOT KNOW IF I HAVE TO FILE THIS AS THIS, A MISCONDUCT GRIEVANCE, OR BOTH. I DID FILE A GRIEVANCE ON THIS IN THE PAST AND IT WAS WRONGFULLY DENIED. I DID NOTHING WRONG IN TRYING TO GET MY SISTER AT THIS NUMBER (541) 561-9492. TO PUT MONEY ON MY PLAYER AS I STILL HAVE BEEN ATTEMPTING TO DO WITH MY MOTHER (IT IS A DIFFICULT PROCESS). JUST BECAUSE STAFF MISCONSTRUE'S THINGS, DOES NOT GIVE THEM THE RIGHT TO VIOLATE MY RIGHT TO LEGAL AID (SISTER IS A PARALEGAL), RIGHT TO REHABILITATION, VISITATION (SHE LIVES IN A DIFFERENT STATE, SHE IS A DISABLED VETERAN, AND A SINGLE MOTHER), OR MY RIGHT TO SUBSTANTIVE DUE PROCESS. CASE NUMBER 3PA-22-02314 C.I (JUDGE CAGLE) PRESIDED OVER ORAL ARGUMENTS SO FAR IN THIS CASE. I WAS NEVER WRITTEN UP OR GIVEN FAIR DUE PROCESS. IT WENT STRAIGHT TO PUNISHMENT PHASE WHICH IS NOT ONLY A VIOLATION BUT CONSIDERED EXCESSIVE PUNISHMENT, ALASKA STATUTE

**I REQUEST THE FOLLOWING RELIEF** (State the outcome you are seeking):

I WOULD LIKE THE PHONE NUMBER (541) 561-9492 UNBLOCKED.

I acknowledge receipt of this grievance and have issued the log number above for reference. Please refer to assigned log number with any inquiries about this grievance.

DATE RECEIVED: 12/26/2023 STANDARDS OFFICER'S SIGNATURE: [signature]

Page 1 of 2

*Form 808.03C*
*Rev. 10/06*



33.30.321 DESCRIBES TELEPHONE ACCESS IN RELEVANT PART "(a) A PRISONER SHALL HAVE REASONABLE ACCESS TO A TELEPHONE EXCEPT WHEN ACCESS IS SUSPENDED AS PUNISHMENT FOR CONVICTION OF A RULE INFRACTION OR PENDING A HEARING FOR A RULE INFRACTION INVOLVING TELEPHONE ABUSE. A SUSPENSION UNDER THIS SUBSECTION MUST BE REASONABLE IN LENGTH AND MAY NOT PROHIBIT TELEPHONE COMMUNICATION BETWEEN THE PRISONER AND AN ATTORNEY OR BETWEEN THE PRISONER AND THE OFFICE OF THE OMBUDSMAN.

THE ALASKA SUPREME COURT HAS ESTABLISHED THE IMPORTANCE OF BOTH VISITATION AND TELEPHONE CONTACT WITH LOVED ONES BECAUSE IT HELPS PRISONERS MAINTAIN TIES TO THEIR FAMALIES AND THE OUTSIDE WORLD, FACILITATES THEIR REENTRY INTO SOCIETY ...... [TELEPHONE CONTACT'S] IMPORTANCE IS MAGNIFIED FOR INMATES WHOSE FAMALIES MAY FIND TRAVEL TO THE CORRECTIONAL FACILITY FOR IN-PERSON VISITATION PROHIBITIVELY EXPENSIVE, THE RIGHT TO REHABILITATION IS A CONSTITUTIONAL RIGHT IN ALASKA, AND VISITATION PRIVELEGES ARE A COMPONENT OF THAT RIGHT. ANTENOR V. DEPARTMENT OF CORRECTIONS, 462 P.3d 1, 15 (ALASKA 2020).

I WAS NEVER WRITTEN UP OR CONVICTED OF ANYTHING, SO WHY AM I BEING PUNISHED?

**STATE OF ALASKA** **DEPARTMENT OF CORRECTIONS**

**GRIEVANCE SCREENING FORM**

To: Prisoner's Name: **Shirley, Clarence**
Offender Number: **753105**
Grievance #: **GCC23-823**
Institution: **Goose Creek Correctional Center**

| Your grievance is being returned to you for one or more reasons below: | |
|---|---|
| A. | The action or decision being grieved is not a grievable issue as specified in section VI.E. of DOC Policy #808.03. |
| B. | The grievance is not within the institution's or the Department's jurisdiction. |
| C. | The issue grieved was not first addressed informally. |
| D. X | This issue was already grieved by the prisoner or by another prisoner and resolved. |
| E. | The grievance was submitted on behalf of another prisoner who is able to file his or her own grievance. |
| F. | The grievance form is not filled out completely. |
| G. X | The grievance was not filed within 30 days of the action or incident. |
| H. | The grievance is grieving an action not yet taken. |
| I. | The grievance contains inappropriate use of obscene or profane words. |
| J. | The grievance is factually incredible or clearly devoid of merit. |
| K. | The specific relief sought is unclear. |
| L. | The grievance raises unrelated issues that should be presented in separate grievances. |
| M. | The grievance is against the Facility Manager but is not for action taken directly by the Facility Manager. |
| N. | The grievance is on an issue the prisoner is currently litigating in the court system. |
| O. | Other. |
| | The above noted reason (s) for screening your grievance is not self-explanatory. The following written explanation is provided to clarify the above noted screening decision:<br>**D. This issue was already grieved by the prisoner or by another prisoner and resolved. This grievance narrative is the same topic and arguments as already grieved in GC22-394. That grievance was investigated at this facility and the determination was the number was blocked due to violation of policy concerning outside banking. Your level 2 appeal was submitted, and the Superintendents decision was upheld by the Division Operations Manager on August 5, 2022, which read "Mr. Shirley, the facility's investigation and application of policy relating to phone calls is correct. The number will remain blocked. Your appeal is denied." You did not file a level 3 appeal.**<br>**G. The grievance was not filed within 30 days of the action or incident. This grievance was filed over a year after the number was blocked. The phone number was blocked on June 2, 2022.**<br>**I am including a copy of GC22-394 with this grievance screening as reference.** |

You have two options in response to a screened grievance (See Policy 808.03).

1. You can correct the deficiency that caused a grievance to be screened and resubmit the grievance within two working days of receipt of the screening form; or

   You may appeal the grievance screening form if you believe the screening decision is incorrect. You must state in writing on a Request for Interview Form (Form 808.11A) why the screening is incorrect and return it to the Facility Standards Officer within two working days via a locked grievance box. You must write the grievance log number (GC22-XXX) on the Request for Interview. ***Keep the copy of the grievance and grievance screening form for your records.***

**Date: January 26, 2024**

**SSgt. Zoerb** [signature]
**Facility Standards Officer**

Distribution: Original to Prisoner Case File
Facility Standards Officer
Prisoner

Out on Legal Tracking
Date: 01/29/2024 Time: PM
Screening Appeal Due
Date: 02/01/2024 Time: 1000 AM

*Rev. 10/06*

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

INMATE COPY

# PRISONER GRIEVANCE APPEAL STATEMENT

| PRINT NAME | INSTITUTION/MODULE | OFFENDER NUMBER | FSO LOG NUMBER | DIO LOG NUMBER |
|---|---|---|---|---|
| SHIRLEY, CLARENCE | GCCC/ JULIET | 753105 | | GC23-823 |

DATE OF APPEAL: 30 JAN 24

I appeal the Facility Manager's determination for the following reasons:

THIS WHOLE THING IS IN DIRECT VIOLATION OF POLICY AND PROCEDURE. I AM TRYING TO HANDLE THIS AT THE LOWEST LEVEL AS POSSIBLE TO ATTEMPT TO CORRECT AN ILLEGAL ACTION DONE BY AND CONDONED BY THE OFFICERS AND ADMINISTRATIVE STAFF HERE AT GOOSE CREEK CORRECTIONAL CENTER. I DID NOT VIOLATE POLICY; STAFF DID! I AM TRYING TO REMEDY THIS BEFORE LEGAL ACTION IS TAKEN. I WAS NEVER CONVICTED OR GIVEN AN I.D.R. BUT WAS PUNISHED. THAT IS ILLEGAL. THE COURTS ARE ALREADY SAYING THIS IS A VIOLATION OF ~~SUBSTANTIAL~~ CCS 30JAN24 SUBSTANSIVE DUE PROCESS, LEGAL AID, VISITATION, REHABILITATION, OR ALASKA STATUTE 33.30.321. WHY AM I BEING PUNISHED AND DEPRIVED OF RIGHTS TO COVER THE STAFF'S ILLEGAL ACTIONS? MY SISTERS NUMBER (541) 561-9492 SHOULD BE UNBLOCKED. ANY FORM OF MOVEMENT FROM THE FACILITY OR ABUSE BY STAFF WILL BE DEEMED AS RETALIATION AND HANDLED AS SUCH.

PRISONER'S SIGNATURE: [signature]

I acknowledge receipt of this grievance appeal statement and have logged it with the appropriate initially filed grievance.

| DATE FILED IN STANDARDS' OFFICE: | FACILITY STANDARDS OFFICER'S SIGNATURE: |
|---|---|
| 2/2/24 | [signature] |

DIRECTOR OF INSTITUTIONS'/MEDICAL ADVISORY COMMITTEE'S DECISION:

Distribution: Original to Prisoner Case File
Facility Standards Officer
Prisoner

*Form 808.03D*
*Rev. 10/06*

# Memorandum

# State of Alaska

INMATE COPY
I 48 B

## Department of Corrections

Goose Creek Correctional Center
22301 West Alsop Road
Wasilla, Alaska 99623
907-864-8100

**DATE:** February 5, 2024

**TO:** Shirley, Clarence #753105

**FROM:** FSO Zoerb, Facility Standards Officer

**SUBJECT:** **Late Prisoner Grievance Appeal**

Your screened grievance appeal statement on grievance GCC23-0823 is being returned to you without action for the following reason:

**Per Policy 808.03**
**e. Screened Grievances**
**(1) If a prisoner can correct the deficiency that caused a grievance to be screened, the prisoner shall be permitted to resubmit the grievance. The grievance shall be considered timely if resubmitted within two working days of receipt of the screening form.**
**(2) If the prisoner believes that a grievance screening decision is incorrect, the prisoner may appeal the Screened Grievance. The prisoner must state in writing on the Request for Interview Form (Form 808.11A) why the screening is incorrect and attach it to the grievance and the screening form and return it to the Facility Standards Officer within two working days after receiving the screening decision.**

You received the screening notice on January 29, 2024, a Monday, giving you two working days to either appeal or correct the deficiencies, with a due date of February 1, 2024, a Thursday, by 10:00 AM.

The screening appeal was received via the General Population Grievance Box on February 2, 2024, at 10:00AM. Because the screening appeal was not received by the Standards Office according to policy above, it is considered late and cannot be accepted.

Additionally, if you are feeling unsafe in your current housing situation, please contact any staff member to request protective custody.

CLARENCE SHIRLEY #753105
GOOSE CREEK CORRECTIONAL CEN
22301 W. ALSOP RD.
WASILLA, AK 99623

CERTIFIED MAIL®

9589 0710 5270 1864 8076 65

quadient
FIRST-CLASS
IMI
$011.12
05/24/2024 ZIP
043M31247126

COMMISSIONER OF DEPARTMENT OF CORRECTIONS
JENNIFER WINKLEMAN
P.O. BOX 112000
JUNEAU, AK 99811-2000

RECEIVED
STATE OF ALASKA
MAY 28 2024
DEPARTMENT OF CORRECTIONS
JCO ADMINISTRATION